IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JIMMY LEE RODRIGUEZ, #1441255,<br>　　　　Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>　　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 3:11-CV-0704-P (BK) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

　　　　Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was referred for findings, conclusions, and recommendation. Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons that follow, it is recommended that the petition for writ of habeas corpus be summarily dismissed with prejudice as barred by the one-year statute of limitations.

**I. BACKGROUND**

　　　　Petitioner pleaded guilty to aggravated robbery with a deadly weapon and the trial court imposed an eighteen-year term of imprisonment. *State v. Rodriguez*, No. F06-70772 (282nd Dist. Court, Dallas County, 2007), *aff'd*, *Rodriguez v. State*, No. 05-07-00916-CR (Tex. App. – Dallas May 29, 2008, no pet.) (unpublished). On June 20, 2008, Petitioner obtained an extension until August 29, 2008, to file a petition for discretionary review (PDR), but he failed to submit the same by the August deadline. *See Ex parte Rodriguez*, No. PD-0838-08 (Tex. Crim. App. 2008) (noting no PDR filed timely); *Rodriguez v. State*, No. 05-07-00916-CR (Tex. App. – Dallas) (noting PDR due August 29, 2008, but no PDR was filed). On January 29, 2010,

Petitioner filed a state post-conviction habeas application in the convicting court. *Ex parte Rodriguez*, No. and W06-70772-A. The Texas Court of Criminal Appeals (TCCA) denied habeas relief on January 12, 2011. *Ex parte Rodriguez*, No. WR-74,997-01.[1]

Thereafter, on April 6, 2011, Petitioner filed the federal petition presently at issue. In two grounds, he alleges his guilty plea was unlawfully induced and involuntary, and counsel rendered ineffective assistance of counsel. (Doc. 1. at 7.) The Court did not direct Respondent to file an answer, pending preliminary screening. *See* Rule 4 of the Rules Governing Section 2254 Proceedings.[2]

## II. ANALYSIS

**A.     <u>Statute of Limitations</u>**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may raise *sua sponte*. *See* 28 U.S.C. § 2244(d); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999). The Court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why the petition should not be barred by the statute of limitations or why the limitations period should be tolled on equitable grounds. Petitioner filed a response to the Court's show cause order. (Doc. 9.)

---

[1] The Court verified all dates listed above on the basis of information available on the Dallas County website (under criminal background information), the Texas Court of Appeals website, and the Texas Court of Criminal Appeals website.

[2] For purposes of this recommendation, the federal petition is deemed filed on March 31, 2011, the earliest possible date on which Petitioner could have handed his petition, with *in forma pauperis* motion and Certificate of Inmate Trust Account (issued only that day, *see* Doc. 3), to prison officials for mailing. *See* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

In this case, the one-year limitations period is calculated from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review." *See* 28 U.S.C. § 2244(d)(1)(A). Sections 2244(d)(1)(B)-(D) are inapplicable.[3]

Since Petitioner did not file a PDR before the time limit expired, his conviction became final, under section 2244(d)(1)(A), on August 29, 2008, the last day on which he could have filed a timely PDR in accordance with the June 2008 extension order. *See Dolan v. Dretke*, 168 Fed. Appx. 10, 11 (5th Cir. 2006) (unpublished *per curiam*) (because PDR is part of direct review process under Texas law, conviction is final upon expiration of extension of time granted by TCCA for filing PDR). The one year period began to run the next day, August 30, 2008, and expired one year later on August 30, 2009. Because that date fell on a Sunday, the one-year period was extended to the following Monday, August 31, 2009. *See* FED. R. CIV. P. 6(a); *Flanagan v. Johnson,* 154 F.3d 196, 200-01 (5th Cir. 1998) (applying Rule 6(a)). Petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2) because he did not file his state application until January 29, 2010, 151 days after the one-year period expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application filed after one-year period expired does not statutorily toll limitations period). Therefore, the federal petition, deemed filed as of March 31, 2011, is clearly outside the one-year statute of limitations.

In response to the Court's show cause order, Petitioner states that the unknowing and

---

[3] Petitioner's pleadings, even when liberally construed, allege no state created impediment under subparagraph (B) that prevented timely filing of the claims. Nor does Petitioner base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court determines that the facts supporting the grounds for relief became or could have become known prior to the date on which Petitioner's conviction became final.

involuntary nature of his guilty plea render his conviction and sentence void and that "void sentences need not be respected . . . . [n]or should they be regarded as ever being finalized for the purpose of triggering the AEDPA" one year limitations period.  (Doc. 9 at 1.)  This is the same argument that Petitioner presented in the memorandum in support of the federal petition.  (Doc. 2 at 1, 7.)  In neither pleading, however, Petitioner presents authority in support of his contention.

Nevertheless, even when liberally construed, Petitioner's claim has no merit.  The AEDPA one-year period commences upon the conclusion of direct review of a judgment of conviction, or upon the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).  The running of the limitations period is suspended while state post-conviction proceedings are pending in any state court.  28 U.S.C. § 2244(d)(2).  The United States Court of Appeals for the Fifth Circuit, as well as every other Circuit that has construed section 2244(d), has interpreted it in this way.  In addition, the AEDPA generally applies to all section 2254 petitions, such as the instant petition, filed after the AEDPA's effective date.  *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

Moreover, the AEDPA one-year statute of limitations has withstood numerous constitutional challenges.  For example, the AEDPA's one-year limitations period does not unconstitutionally suspend the writ of habeas corpus.  *Turner v. Johnson,* 177 F.3d 390, 392-93 (5th Cir. 1999) (citing  *Miller v. Marr*, 141 F.3d 976 (10th Cir. 1998)); *see also Tinker v. Moore*, 255 F.3d 1331, 1334 (11th Cir. 2001); *Green v. White*, 223 F.3d 1001, 1003-04 (9th Cir. 2000).  Nor do the provisions of the AEDPA violate the Ex Post Facto Clause.  *Seymour v. Walker*, 224 F.3d 542, 560 (6th Cir. 2000); *Libby v. Magnusson*, 177 F.3d 43, 46-47 (1st Cir. 1999).  Finally, while the one-year limitations period might raise constitutional questions where it forecloses the

opportunity for habeas relief for one who is actually innocent of the crime for which he was convicted, Petitioner does not allege that he has reliable new evidence that establishes his actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995). His pleadings merely argue that his guilty plea was involuntary and counsel rendered ineffective assistance.

Accordingly, the federal petition – filed almost one year and seven months after the one-year period expired on August 31, 2009 – is clearly untimely absent equitable tolling.

## B. Equitable Tolling

Because the one-year statutory deadline is not a jurisdictional bar, it is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, ___ U.S. ____, 130 S. Ct. 2549, 2560 (2010). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quotations and quoted case omitted). "'Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate.'" *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoted case omitted).

This case does not present the type of due diligence and extraordinary circumstances required for equitable tolling. *See Howland v. Quarterman*, 507 F.3d 840, 845-46 (5th Cir. 2007) (summarizing cases). Having squandered the *entire* one year period, Petitioner clearly failed to act with due diligence. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (habeas petitioner must pursue the habeas "process with diligence and alacrity"). After his conviction became final, Petitioner waited 517 days before he submitted his state habeas application. His lack of diligence did not end there. Following the denial of the state application, Petitioner

delayed more than two months before he mailed the federal petition in this case.

Petitioner does not explain the lengthy delays in his case. (Doc. 9 at 1.) Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *See Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999). "[E]quity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). In addition, neither Petitioner's *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999) (per curiam) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling. It is irrelevant whether the unfamiliarity is due to illiteracy or any other reason.").

Therefore, Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

## III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be summarily **DISMISSED** with prejudice as barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d).

SIGNED September 9, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE